IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alejandro Maldonado,<br><br>Petitioner,<br><br>v.<br><br>Immigration & Customs Enforcement; Homeland Security,<br><br>Respondents. | ) | C/A No. 0:14-22-TMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

The petitioner, Alejandro Maldonado ("Petitioner"), a self-represented pretrial detainee confined at the Greenville County Detention Center, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## I. Factual and Procedural Background

Petitioner alleges an arrest for disorderly conduct and public intoxication, which resulted in detention at the Greenville County Detention Center. (ECF No. 1 at 2.) Petitioner entered a guilty plea to the offenses and indicates that his misdemeanor sentences will expire on January 23, 2014. (Id. at 2, 8.) However, Petitioner is subject to an Immigration and Customs Enforcement ("ICE") hold, which will prevent his release from confinement. (Id. at 6.) Petitioner seeks a personal recognizance bond and release from detention "until the resulting determination on his U.S. legal status." (Id. at 9.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254.





may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B. Analysis**

**1. Petitioner has not demonstrated exhaustion of administrative remedies**

Section 2241 does not contain an exhaustion requirement; however, courts typically require a prisoner to exhaust his administrative remedies before bringing a claim under that statute. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973); McClung v. Shearin, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)). In this case, Petitioner indicates that he has not presented his grounds for habeas relief in any prior court action or administrative proceeding. (ECF No. 1 at 5–8.) Therefore, the petition is subject to summary dismissal for lack of exhaustion.

**2. Petitioner is not "in custody" for purposes of § 2241**

Federal courts may entertain an application for habeas relief if a prisoner is "in custody" in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(1), (3). "The prevailing view among courts in the Fourth Circuit is that a plaintiff raising a habeas claim concerning the issue of deportability must be in INS [Immigration and Naturalization Service] custody" and "an immigration detainer does not subject a prisoner to INS custody." Ogunde v. Holder, C/A No. 1:13cv484 (JCC), 2013 WL 5504417, at *2 (E.D. Va. Oct. 1, 2013). In the present action, Petitioner alleges the issuance of an ICE detainer upon his arrest and placement in state custody for state criminal offenses. (ECF No. 1 at 2, 6.) Because the filing of an ICE detainer does





not subject a prisoner to INS custody, Petitioner cannot satisfy the "in custody" requirement to challenge his detention under § 2241. See Richard v. Immigration & Naturalization Servs., C/A No. 0:11-1508-JFA-PJG, 2011 WL 5876916, at *1 (D.S.C. Nov. 22, 2011) (petitioner's challenge to an ICE detainer based on his inability to make bond subject to summary dismissal, because "the lodging of a detainer does not render a petitioner 'in custody' for purposes of § 2241"); see also Sewell v. Stephens, C/A No. 5:10-HC-2247-FL, 2011 WL 2746122, at *1 n* (E.D.N.C. July 13, 2011) ("An ICE detainer, without more, does not satisfy § 2241's 'in custody' requirement.") (citing Blackwell v. Cross, C/A No. 2:08-cv123, 2009 WL 2877245, at *6 (N.D. W. Va. Sept. 3, 2009).

**III. Conclusion**

Accordingly, the court recommends that the petition in the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 6, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).